# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL R. STAFFORD,

        Petitioner,        Case Number: 06-CV-15796

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

FEDERAL BUREAU OF PRISONS, ET AL.,

        Respondents.
_____/

## ORDER OF SUMMARY DISMISSAL

Petitioner Paul R. Stafford, is a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

### I.    Background

Petitioner was convicted in the United States District Court for the Western District of Wisconsin of conspiracy and fraud. United States v. Stafford, No. 96-CR-0003-C-01. He was sentenced to serve 188 months imprisonment.

Petitioner has now filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner argues that the trial court lacked jurisdiction to try him, the government failed to establish his guilt beyond a reasonable doubt, and the prosecutor engaged in misconduct.

**II.     Analysis**

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  McFarland v. Scott, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254.  See Rule 1(b), Rules Governing Section 2254 Cases.  After undertaking a Rule 4 review of the petition, the Court concludes that the claims asserted by Petitioner in his petition do not warrant habeas relief.

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 755, 756-57 (6th Cir. 1999).  All of Petitioner's claims challenge his conviction, and therefore are properly filed pursuant to 28 U.S.C. § 2255.  However, Petitioner maintains that he should be permitted to maintain his action under 28 U.S.C. § 2241, pursuant to the "savings clause" contained in 28 U.S.C. §2255.

Section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

>entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." <u>Charles</u>, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. <u>In re Gregory</u>, 181 F.3d 713, 714 (6th Cir. 1999).

Petitioner argues that his petition falls under § 2255's savings clause because Congress intended the savings clause to apply whenever there has been a due process violation or a violation of other fundamental rights. Petitioner further argues that because the district court that decided his § 2255 motion failed to engage in any analysis of his motion, he may file a petition under § 2241. These arguments fail to satisfy the "rigorous showing" required to establish that § 2255 is inadequate or ineffective. <u>Martin v. Perez</u>, 319 F.3d 799, 804 (6th Cir. 2003). First, Petitioner cites no case law to support the proposition that Congress intended the savings clause to apply whenever there has been a violation of other fundamental rights. Section 2255's savings clause may make § 2241 relief available where a petitioner asserts a credible claim of actual innocence, <u>id.</u>, but, Petitioner makes no such claim here. Second, the Wisconsin district court's

denial of his § 2255 motion does not render such relief inadequate or ineffective. <u>Charles</u>, 180 F.3d at 756.

### III. Conclusion

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated: February 13, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 13, 2007.

                                        s/Denise Goodine  
                                        Case Manager