# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL R. STAFFORD,

               Petitioner,                       Case Number: 06-CV-15796

v.                                                 HONORABLE PAUL D. BORMAN

FEDERAL BUREAU OF PRISONS, ET AL.,

               Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS

Petitioner Paul R. Stafford, a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is incarcerated in violation of his constitutional rights. On February 13, 2007, the Court issued an Order of Summary Dismissal because it plainly appeared from the face of the petition that Petitioner was not entitled to relief under § 2241. Petitioner has now filed the following motions: Motion for Leave to Proceed *In Forma Pauperis*; Motion for Bond Pending Appeal; Motion to Expedite Bond Pending Appeal; Motion for Temporary Motion for Stay or Injunction Pending Appeal; Permanent Motion for Stay or Injunction Pending Appeal; and Motion for Warden to Allow Assistance.[1]

## I. Discussion

As an initial matter, the Court considers whether it retains jurisdiction to consider Petitioner's motions given that a Notice of Appeals has been filed in this case. "In the context of habeas proceedings, . . . even after an appeal has been taken from the district court's order

---

[1] The Motion for Leave to Proceed *In Forma Pauperis* was filed *pro se*. The remaining motions were filed by counsel.

granting or denying a habeas petition, the district court retains some jurisdiction to issue orders regarding the custody or enlargement of the defendant pending review." *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). This Court retains jurisdiction to address the Motion for Leave to Proceed *In Forma Pauperis*, and the motions related to Petitioner's release on bond and place of confinement. The Court does not have jurisdiction to hear issues bearing on the merits of the appeal. *Id.* Petitioner's Motion for Warden to Allow Assistance encompasses claims related to the failure to disclose *Brady*-related material. Therefore, it bears upon the merits of Petitioner's claims and this Court lacks jurisdiction to entertain that motion. In addition, Petitioner's Temporary Motion for Stay or Injunction Pending Appeal and Permanent Motion for Stay or Injunction Pending Appeal address the merits of the appeal because Petitioner claims he will not be able to prosecute his appeal if he is transferred. Therefore, the Court lacks jurisdiction to entertain these motions and they will be denied.

### A. Motion for Leave to Proceed *In Forma Pauperis*

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). The Court concludes that a reasonable person would not suppose that the appeal has some merit. The Court, therefore, will deny the Motion for Leave to Proceed *In Forma Pauperis*.

### B. Motion for Bond Pending Appeal and Motion to Expedite Bond Pending Appeal

While a decision ordering the release of a prisoner is on appeal, "the prisoner must-unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). This rule "undoubtedly creates a presumption of release from custody" in cases involving a successful habeas petitioner. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).

The present case, however, does not involve a successful habeas petitioner. Therefore, there is no presumption of release from custody. Petitioner is appealing a presumptively valid state court conviction. He has not shown that he has a likelihood of success on the merits or that his case presents any exceptional circumstances "deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). Therefore, the Court will deny Petitioner's Motion for Bond Pending Appeal and Motion to Expedite Bond Pending Appeal.

## II. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [dkt. #9]; Motion for Bond Pending Appeal [dkt. #11]; Motion to Expedite Bond Pending Appeal [dkt. # 10]; Motion for Temporary Motion for Stay or Injunction Pending Appeal [dkt. # 15]; Permanent Motion for Stay or Injunction Pending Appeal [dkt. # 16]; and Motion for Warden to Allow Assistance [dkt. # 17] are **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2007

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 26, 2007.

                                                s/Denise Goodine
                                                Case Manager